IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-14-0544 |
| | § | |
| KENNETH JOHNSON | § | |

**ORDER**

On July 25, 2000, Kenneth Johnson was sentenced in the Eastern District of Texas to a 180-month sentence, followed by a 3-year supervised release term. He had been convicted of theft of a motor vehicle in violation of 18 U.S.C. § 2119. (1:99CR00130-001). Supervision was transferred to the Southern District of Texas.

A December 11, 2014 Petition for Warrant for Offender under Supervision alleged six violations of the conditions of release, including three new-law violations. The petition also alleged that Johnson failed to notify the probation officer within 72 hours of being arrested or questioned by law enforcement, failed to notify the probation officer 10 days before a change of residence, and failed to report to the probation officer and to submit a truthful and complete written report within the first 5 days of each month, from September through December 2014.

On March 23, 2015, the defendant, represented by counsel, pleaded true to all six alleged violations. The Chapter 7 range was 21 to 27 months, with a statutory 24-month maximum. The court revoked supervised release and at defense counsel's request reset sentencing to April 6, 2015, to allow the defendant to present evidence about his medical condition. (Docket Entry No. 12).

On April 3, 2015, defense counsel filed a sentencing memorandum under seal, (Docket Entry No. 13), with mitigating information about the defendant's medical condition, the erroneous advice of a former attorney in a state case about the defendant's federal term of supervised release, and a summary of character letters from the defendant's former wife, his son, a friend, and his father. The memorandum included a detailed letter from Ms. Karen Teutsch.

At the sentencing hearing April 6, 2015, the defendant pleaded true a second time to the six alleged violations and the court again revoked. Defense counsel summarized the records showing the recent developments in the defendant's medical condition, including anxiety attacks, increased seizure medications, and psychological issues. The government recommended a 16-month sentence, which was a downward departure from the guideline range equal to the remainder of the defendant's unexpired term of supervised release from the time of his arrest.[1] Defense counsel asked for 12 months and a day. The court followed the defense recommendation, with no supervised release to follow.

The defendant filed an uncounseled motion for reconsideration, seeking a "downward departure from the original sentence." (Docket Entry No. 17). Although the motion is based on Rule 59(e) of the Federal Rules of Civil Procedure, it is properly considered under 18 U.S.C. § 3582(b). Under § 3582(b), a judgment is final except in three limited circumstances, only one of which applies. Rule 35(a) of the Federal Rules of Criminal Procedure authorizes a court to correct or reduce a sentence resulting from an "arithmetical, technical, or other clear error" within 14 days after sentencing. The defendant was sentenced on April 6, 2015. The motion for

---

[1] February 27, 2015, the date of the defendant's arrest, through June 27, 2016, the scheduled date for his supervised release term to expire, equals 16 months.

reconsideration was signed "with permission" by Ms. Teutsch on April 20, 2015. The defendant's signature appears on the Certificate of Service and Conference on the last page of the motion dated April 15, 2015. The motion was filed with the court on April 23, 2015. The 14-day deadline ended on April 20, 2015. The motion was filed on April 23, 2015 and is therefore untimely.

The motion also fails on the merits. The defendant relies on "new evidence not previously available" and the "need to correct a clear error of law or manifest injustice." He argues that his ongoing medical issues contributed to the violations, that his plea of "true" to the two pending state criminal charges should not have been considered because he has not been convicted, that Ms. Teutsch's affidavit and additional medical records need to be considered, and that the government inaccurately represented the length of the defendant's unexpired supervised release term.

The defendant twice pleaded true to all six violations alleged in the petition, proving by a preponderance of the evidence that he violated conditions of his release. *See United States v. Nailon*, 2015 U.S. App. LEXIS 5120 (5th Cir. Mar. 30, 2015) (unpublished) ("Because Nailon pleaded true to violating several conditions of her probation, the district court was authorized to sentence her to a term of imprisonment."); *United States v. Ybarra*, 289 F. App'x 726, 728 (5th Cir. 2008) (unpublished) (revoking the defendant's supervised release was "plainly justified" on the basis of the two charged violations that he accepted as true and the two charged violations that he did not contest); *United States v. Smith*, 253 F. App'x 346, 346-47 (5th Cir. 2007) (the district court did not abuse its discretion in revoking defendant's supervised release when the defendant pleaded true to one of the violations); *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010) (citation omitted). The court properly considered all the alleged violations. The attachments discussing the defendant's

medical condition and the character letters are not new evidence. The court reviewed and considered most of them before sentencing the defendant.[2] They do not justify reconsideration.

Finally, the court accurately stated the guideline range as 21 to 27 months, with a statutory cap of 24 months. The government recommended a 16-month sentence, a departure equal to the rest of the unexpired term of supervised release after the arrest. Defense counsel requested 12 months and a day, and the court imposed that sentence.

There is no arithmetical or technical error or any basis to find a clearly erroneous or unreasonable sentence. A sentencing judge's authority to alter a sentence is limited, and no grounds to do so are present here. The motion to reconsider is denied.

SIGNED on June 16, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2] Not included in the attachments filed with the court, but summarized within the reconsideration motion, are the following attachments: Exhibit D described as testimony of Ms. Teutsch apparently regarding defendant's medical condition contributing to his violations of the terms of supervised release, Exhibit F described as screen shots of attempts to log into the USPO website"; and Exhibit G described as evidence of the defendant's incarceration and inability to contact the USPO because of incarceration.